UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW BARNES, JR.,

   Plaintiff,          Case No. 13-cv-11466

v.               HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

   Defendant.
               /

**ORDER ADOPTING REPORT AND RECOMMENDATION** (document no. 18), **GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (document no. 12), **DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (document no. 16), **AND REMANDING CASE**

  The Social Security Administration ("SSA") denied Plaintiff and claimant Andrew Barnes' application for a period of disability, disability insurance, and supplemental security income in a decision issued by an Administrative Law Judge ("ALJ") on January 26, 2012. *See* ALJ Decision, ECF No. 9-2, at 16. After the SSA Appeals Council declined to review the decision, Barnes appealed to this Court. The Court referred the matter to a United States Magistrate Judge, and the parties filed cross motions for summary judgment. On February 11, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant Barnes' motion and deny the Commissioner of Social Security's ("Commissioner") motion. Report, ECF No. 18.

  In the Report, the magistrate judge noted that Barnes was fifty-three at the time of the decision and had previously worked for many years as an installer for a fence company. *Id.* at 2. When considering the application, the ALJ found that Barnes had loss of vision in his right eye, depression, and alcohol abuse, and that these conditions were severe; the ALJ also found that Barnes had headaches, but that this condition was only mild or

minimal. When applying the five-step disability analysis, the ALJ found that these conditions did not meet or equal a listing in the Social Security regulations. The ALJ also found that Barnes retained the residual function capacity to perform medium work, but limited to work that did not require bilateral vision, right peripheral vision, depth perception; limited to work involving only simple, repetitive tasks due to Barnes' moderate limitations in his concentration and ability to carry out detailed instructions; limited to work not involving the general public, close proximity to co-workers, or team membership; and limited to work that did not involve driving, operating dangerous machinery, or hazardous heights. Although the ALJ concluded Barnes was unable to continue his past relevant work, the ALJ found there were jobs that existed in significant numbers appropriate for his limitations. Consequently, the ALJ found that Barnes was not entitled to benefits. *Id.* at 8-9 (citing ALJ Decision at 7-11).

After examining the pleadings and the administrative record, the Report concluded that the ALJ did not clearly discuss how much weight was assigned to the full opinion of consultative psychologist Dr. Nick Boneoff. Although the ALJ assigned significant weight to Dr. Boneff's conclusion that Barnes was limited to jobs "executing a one-step procedure on a repetitive basis," the Report noted that Dr. Boneff's conclusion was actually that Barnes was limited to jobs "executing a one-step procedure on a repetitive basis *with no requirement for independent judgment or decision making*." *Id.* at 11-12 (quoting A.R. at 219). The ALJ did not appear to incorporate this limitation in her hypothetical to the vocational expert, and the Report concluded this omission erroneously affected both the hypothetical and the vocational expert's conclusions. In fact, the vocational expert acknowledged that if the limitation that jobs contained no requirement for independent

2

judgment, there would "not be any jobs in the competitive market." *Id.* at 12-13 (quoting A.R. at 67-68).

The Report acknowledged that the ALJ was not required to accord Dr. Boneff's conclusion regarding independent judgment controlling weight, as Dr. Boneff was an examining, not treating, source. *Id.* (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). But, because the ALJ did accord Dr. Boneff significant weight, the omission of the independent judgment conclusion in the final hypothetical and set of limitations was likely an error. *Id.* (citing *Teverbaugh v. Comm'r of Soc. Sec.*, 258 F. Supp. 2d 702, 706 (E.D. Mich 2003). And although the Report noted there were findings and citations to evidence that may have justified assigning the independent judgment conclusion less weight than the rest of Dr. Boneff's findings, *id.* at 14 (citing A.R. at 21, 46, 154), the ALJ's failure to discuss the independent judgment conclusion at all meant that the reviewing court could not determine whether the ALJ was justified in omitting the limitation in the hypothetical and set of limitations. *Id.* (citing *Lowery v. Commissioner, Soc. Sec. Administration*, 55 F. App'x 333, 339 (6th Cir. Jan. 30, 2003)). Accordingly, the Report suggested remand.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because neither the plaintiff nor defendant filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant Barnes' motion for summary judgment,

3

deny the Commissioner's motion for summary judgment, and remand the case for proceedings not inconsistent with this opinion.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Barnes' motion for summary judgment (document no. 12) is **GRANTED**. This matter is **REMANDED** to the Commissioner for proceedings not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 18) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 16) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 12, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2014, by electronic and/or ordinary mail.

s/Carol Cohron  
Case Manager